IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| PEACOCK TIMBER TRANSPORT, INC., ) ) Plaintiff, ) ) v. ) ) WILKENS WALKING FLOOR TRAILERS, ) ) Defendant. ) | ) ) ) ) ) CIVIL ACTION NO. ) 2:10cv296-MHT ) (WO) ) ) ) ) |

OPINION AND ORDER

Plaintiff Peacock Timber Transport, Inc. ("Peacock Timber") charges that defendant Wilkens Walking Floor Trailers, also known as Wilkens Manufacturing, Inc., ("Wilkens Manufacturing"), defrauded Peacock Timber by reneging on a prior promise to pay for the repair of faulty trailers it sold to Peacock Timber. Peacock Timber asserts a claim for promissory fraud under state law and seeks compensatory and punitive damages. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1332 (diversity).

This suit is before the court on Wilkens Manufacturing's motion for summary judgment in its favor on Peacock Timber's claim.  For the reasons that follow, the motion will be denied.

### I. SUMMARY-JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The court must view the admissible evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party.  Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II. BACKGROUND

Peacock Timber is an Alabama-based lumber company. Tommy Peacock ("Mr. Peacock") serves as its president. Wilkens Manufacturing is a Kansas-based trailer-truck manufacturer. Art Wilkens ("Mr. Wilkens") was the prior owner and operator of Wilkens Manufacturing.

Between 1990 and 1999, Peacock Timber purchased 22 trailer trucks from Wilkens Manufacturing with paneled walls composed of fiberglass reinforced plastic. Each trailer was protected by a one-year manufacturer's warranty guaranteeing that Wilkens Manufacturing would repair or replace defective material or workmanship. Additionally, each trailer's panels were covered by a ten-year warranty by the manufacturer of fiberglass reinforced plastic.

In 1994, four years after purchasing the first trailer, Mr. Peacock noticed warping and "bubbling ... along the lower edge" of the trailers. Pl.'s Resp. Def.'s Mot. Summ. J., Exhibit 3 at 31 (doc. no. 28-4).

It was determined that improper installation of the panels by Wilkens Manufacturing had exposed them to water, causing rotting.

At an unspecified date prior to June 2003, Mr. Peacock and Mr. Wilkens began discussing ways to remedy the damage to the trailers. In June 2003, Mr. Peacock wrote Mr. Wilkens a letter proposing an affordable repair method where he would use his own laborers to replace damaged truck panels. The letter detailed the cost of the materials and labor.

At an unspecified date between 2003 and 2005, Mr. Wilkens made an oral promise to Mr. Peacock in an attempt to resolve the matter. Mr. Wilkens said he would furnish hardware and associated materials along with panels for any trailers in need of repair. The panels would be installed by Peacock Timber's workers. Mr. Wilkens also promised to give Peacock Timber $ 3,600 per trailer for the labor required to install the panels. This agreement was never reduced to writing.

Between 2005 and 2008, Wilkens Manufacturing shipped an unspecified number of replacement panels and trailer parts to Peacock Timber. Peacock Timber never received $ 3,600 in cash per trailer for the labor allotment specified in the agreement. Instead, Wilkens Manufacturing provided Peacock Timber with intermittent shipments of free hardware unrelated to repair of the trailers. Also, when Peacock Timber ordered other supplies from Wilkens Manufacturing, the goods would sometimes be sent free of charge. The value of this hardware was less than the agreed-upon $ 3,600 per trailer.

Peacock Timber continued receiving intermittent hardware credits through May 2008. In February 2009, Peacock Timber requested the remaining payment due under the agreement from Wilkens Manufacturing. Wilkens Manufacturing responded with a letter stating that it would no longer furnish free parts and hardware or respond to Peacock Timber's warranty claims.

## III.  DISCUSSION

Peacock Timber claims that Wilkens Manufacturing never intended to carry out its promise to pay for the repair of the faulty trailers.  In its motion for summary judgment, Wilkens Manufacturing identifies two defenses, arguing that Peacock Timber's suit must be dismissed on the basis of (1) the statute of frauds and (2) the pertinent statute of limitation.

<u>Statute of Frauds</u>:  Peacock Timber objects that Wilkens Manufacturing failed to raise its statute-of-frauds argument in its answer to the complaint, as required by Alabama Rule of Civil Procedure 8(c).  Peacock Timber relies on <u>Daniels v. Decatur Hotel Co.</u>, 853 So. 2d 238, 240 (Ala. Civ. App. 2002), for the proposition that a court cannot consider an affirmative defense if the defendant failed to plead it in an answer.  As a preliminary matter, it is the Federal Rules of Civil Procedure that govern procedural issues in a federal

6

suit.  Gasperini v. Ctr. for Humanities, 518 U.S. 415, 427 (1996) ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."); see also  Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938).  Although Federal Rule of Civil Procedure 8(c) also requires that defendants plead affirmative defenses in the answer, "the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it."  Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989) (citing Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971)). If a plaintiff receives notice of an affirmative defense at summary judgment and "the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice," the court may address the issue on the merits.  Id. (citation omitted).

Wilkens Manufacturing contends that Peacock Timber's promissory-fraud claim is barred under the Alabama

7

statute of frauds, which requires certain agreements to be in writing. The statute states, in relevant part, that

> "In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by therewith or some other person by him thereunto lawfully authorized in writing:
>
> (1) Every agreement which, by its terms, is not to be performed within one year from the making thereof."

1975 Ala. Code § 8-9-2.

The alleged agreement between Wilkens Manufacturing and Peacock Timber was not in writing; Mr. Peacock testified that he received only an oral promise from Mr. Wilkens. According to Wilkens Manufacturing, "it is clear any such agreement could not, [and] would not, be performed within one year." Def.'s Mot. Summ. J., Brief in Supp. at 29 (doc. no. 28). Therefore, Wilkens Manufacturing argues, the oral agreement is invalid under the statute of frauds. Wilkens Manufacturing contends

8

that, under Alabama law, "an oral promise that is void by operation of the Statute of Frauds will not support an action against the promisor for promissory fraud." Bruce v. Cole, 854 So. 2d 47, 58 (Ala. 2003).

Wilkens Manufacturing's analysis errs. "[I]n order to bring a contract within the purview of [the relevant] section of the Statute of Frauds, the contract must be incapable of being performed within one year." Hornady v. Plaza Realty Co., 437 So. 2d 591, 593 (Ala. Civ. App. 1983) (emphasis added). "A contract is not brought within the statute by the fact that ... full performance within a year is highly improbable, nor by the fact that the parties may not have expected that the contract would be performed within the year." Land v. Cooper, 250 Ala. 271, 276 (Ala. 1948) (internal quotation marks and citation omitted). The statute does not apply "if there is a possibility of its being performed within a year, and there is no stipulation that it shall not be so

performed." Id. (internal quotation marks and citation omitted).

Here, there is no indication that Wilkens Manufacturing's alleged promise could not have been completed within one year. The proposed agreement was that Wilkens Manufacturing would provide Peacock Timber with $ 3,600 in replacement parts for each damaged trailer. The fact that Wilkens Manufacturing failed to fully perform within one year is not conclusive that it was incapable of doing so. To the contrary, Peacock Timber contends that Wilkens Manufacturing intentionally and needlessly delayed performance. And there is no evidence that the parties explicitly stipulated that the promise would be performed over a period longer than a year. There is a disputed issue of fact as to the applicability of the statute of frauds.

Statute of Limitation: Wilkens Manufacturing also contends that a statute of limitation bars Peacock Timber's claim. This argument also fails.

When filing a claim of fraud under Alabama law, a plaintiff has two years from the date the plaintiff "discovers or, in the exercise of reasonable care, should have discovered, the facts constituting the fraud." Wheeler v. George, 39 So. 3d 1061, 1081 (Ala. 2009); see also 1975 Ala. Code § 6-2-3. "[W]hen a party discovered or should have discovered fraud is normally a question for the jury." Wheeler, 39 So. 3d at 1082.

Because Peacock Timber's claim was filed on April 8, 2010, its fraud claim would have had to accrue after April 8, 2008, in order to be timely. Wilkens Manufacturing contends that Peacock Timber was on notice of fraud well before that date since Wilkens Manufacturing had not fully complied with every aspect of the alleged agreement. According to Wilkens Manufacturing, the statute of limitation bars the claim because a reasonable person would have considered its partial performance fraudulent.

Here, when Peacock Timber should have discovered the alleged fraud is a question to be determined by the factfinder at trial. "[F]raud is discoverable as a matter of law for purposes of the statute of limitations when one receives documents that would put one on such notice that the fraud reasonably should be discovered." Kelly v. Connecticut Mut. Life Ins. Co., 628 So. 2d 454, 458 (Ala. 1993) (internal quotation marks and citation omitted). Peacock Timber did not receive a letter from Wilkens Manufacturing terminating the arrangement until 2009. The record indicates that Peacock Timber continued to receive partial credits from Wilkens Manufacturing through May 2008. The fact that Wilkens Manufacturing did not fully perform under the alleged agreement before May 2008 would not necessarily indicate fraud to a reasonable person. There is a disputed issue of fact as to whether the promissory-fraud claim is barred by the applicable statue of limitations.

\* \* \*

For the foregoing reasons, it is ORDERED that the motion for summary judgment (doc. no. 27), filed by defendant Wilkens Walking Floor Trailers, is denied.

DONE, this the 8th day of March, 2011.

                          <u>/s/ Myron H. Thompson</u>
                          **UNITED STATES DISTRICT JUDGE**